THE JERSEY LAND COMPANY, A CORPORATION, RELATOR, v. JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, RESPONDENT.

Submitted June 5, 1924—Decided September 24, 1924.

Chapter 162 of the laws of 1922 (*Pamph. L.*, *p.* 277) confers upon the several municipalities of the state the power to regulate the use to which a property owner may put his property, but such municipal regulation must be designed to promote the public health, safety and general welfare. *Held*, that the erection of a four-story apartment building in a municipality cannot be .prohibited by an attempted exercise of the police powers conferred by this act, as such building could not affect the public health, safety or general welfare of the community.

---

On rule to show cause.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Thomas Brunetto.*

For the respondent, *Walter C. Ellis.*

The opinion of the court was delivered by

MINTURN, J. This proceeding is on an alternative writ of *mandamus* to compel the issuance of a building permit to the

relator, by John G. Scott, building inspector of East Orange. There was a return to the writ, and upon the return a state of facts was agreed upon between the parties, setting forth that the relator is the owner of the *locus in quo* in fee-simple, as described in the application made to the inspector for a permit to erect a four-story brick building on the premises, to be occupied by twenty-four families and a janitor; that the legal fee for the permit was tendered, and that the inspector refused to issue the permit upon the ground that the proposed building violated the zoning ordinance of the city, which prohibited the erection of apartment-houses of this type and size within the prescribed zone; that application was made to the city council of East Orange to change the zone affecting the relator so that he could erect the building, and this application was denied on March 4th, 1924. That on March 16th, 1924, an amended petition was presented to the city council requesting a change of districts, and this also was denied; that the ordinance provides for a zoning board of appeals, who have power in a specific case to vary any such provision of the ordinance, in harmony with its general purpose, so that the public health, safety and general welfare may be secure, and substantial justice done thereunder; that to this board no application was made by the relator.

Under the recent determination in *State* v. *Nutley* (*Court of Errors and Appeals*), 99 *N. J. L.* 389, it was held that a store and dwelling interdicted by a municipal ordinance was not within the police powers of the state, as affecting either the health, safety or general welfare of the community, as defined by the act authorizing ordinances of this class. We have concluded that this determination must govern the result in this case. An apartment-house is a mode of habitation specially recognized by the laws of the state, as a necessary method of meeting the social congestion of our cities. It is a method of supplying in compact form accommodation to numbers of families under a common roof. Such structures are not only recognized, but seem to have become *ex necessitate* a part of our economic and domestic

life. They are found in large numbers in all our larger cities, and afford convenient access to workers and business men in such congested centres, who otherwise probably could not be adequately supplied with the conveniences of modern life, and with our modern systems of transportation. The height of the structure contemplated here is four stories. The ordinance in question forbidding the construction of such a building seems to be wholly unnecessary within the comprehension of the statute for the public safety, public health or the general welfare in this particular community; that its presence may not recommend it to other residents in the immediate neighborhood presents no basis for regarding the erection of the building as opposed to the general welfare. The height of the building cannot in any sense be regarded as endangering the public safety, nor can it be reasonably contended that the health of the community could be injuriously affected thereby.

In the Risley case the statute, through which the ordinance was sought to be justified, was construed to authorize municipalities to inhibit the construction of buildings within the comprehension of the police powers as thus defined, and as limiting the application of the police powers within these conceded limits. Under these circumstances it is not necessary to go beyond the conclusions already reached, viz., that the fundamental purposes of the statute being to protect the general public under the police powers, as limited specifically to matters of health, safety and general welfare, and finding, as we do, that none of these limitations can be invoked against the building sought to be erected by the relator, our conclusion is that the peremptory writ of *mandamus* should issue.

Such will be the rule.