This is an action for the rescission of a contract to purchase property in the city of East Orange and for the return of the deposit.
By the contract Mr. and Mrs. Frost agreed to convey to complainant "by warranty deed free from all encumbrances except as hereinafter mentioned." The only encumbrances "hereinafter mentioned" are certain mortgages and a fresh water drain.
Mrs. Green contends that there was a zoning ordinance which affected the property. She had some knowledge as to this and consulted her attorney. He advised her to inquire of the real estate agent as to this, which she did. The agent told her, she says, that there were no zoning ordinances. *Page 448 
Were there any? The date of the first representation claimed by her is September 16th, 1924. On May 19th, 1924, the court of errors and appeals, in the case of Ignaciunas v. Nutley,99 N.J. Law 389, declared unconstitutional an ordinance preventing the erection of stores and apartments. On September 24th, 1924, the supreme court set aside the zoning ordinance of which complainant complains. Jersey Land Co. v. Scott,126 Atl. Rep. 173.
Three days afterward, September 27th, the agreement of sale was signed. Therefore, at that time, there were no zoning restrictions on this property. The land agent was justified in stating to complainant that there were no zoning ordinances. At that time there were none, the court having annulled them.
Complainant had the advice of counsel, knew of the possibility of zoning ordinances, relied on the statement of the agent that there were none — which was true — and, in my opinion, cannot maintain that any fraud was practiced upon her.
It seems unnecessary therefore to discuss the other points raised in the briefs. The sole question now is, Were there restrictions, i.e., zoning ordinances, if they be restrictions? The answer is, there were not.
Complainant is presumed to know the law.
I will advise a decree dismissing the bill.